**NOT FOR PUBLICATION**

FILED

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

MAR 10 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

GEYSERS DEVELOPMENT
PARTNERSHIP,

Plaintiff-Appellee,

v.

GEYSERS POWER COMPANY, LLC,

Defendant-Appellant.

No. 18-16654

D.C. No. 3:17-cv-06834-WHO

MEMORANDUM[*]

Appeal from the United States District Court
for the Northern District of California
William Horsley Orrick, District Judge, Presiding

Argued and Submitted February 11, 2020
San Francisco, California

Before: RAWLINSON and CALLAHAN, Circuit Judges, and BOLTON,[**]
District Judge.

This case concerns a lease entitling Geysers Power Company, LLC to

extract steam from and produce geothermal power on Geysers Development

Partnership's (GDP) land in exchange for royalties. GDP sued for declarations that

---

[*] This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**] The Honorable Susan R. Bolton, United States District Judge for the
District of Arizona, sitting by designation.

the lease (1) allows it to grant transmission-line easements to other companies producing geothermal power in the area and (2) does not allow Geysers Power to grant such easements. The district court granted summary judgment in GDP's favor. We have jurisdiction under 28 U.S.C. § 1291 and affirm.[1]

California courts treat geothermal resources as minerals, *Phillips Petroleum Co. v. Cty. of Lake*, 18 Cal. Rptr. 2d 765, 767-68 (Cal. Ct. App. 1993), and mineral leases as contracts, *San Mateo Cmty. Coll. Dist. v. Half Moon Bay Ltd. P'ship*, 76 Cal. Rptr. 2d 287, 291 (Cal. Ct. App. 1998). We therefore construe this lease like any other contract, giving effect to the parties' intent, as derived in the first instance from the instrument's language. Cal. Civ. Code §§ 1636, 1639. That said, mineral leases are somewhat unique in that we interpret them "liberally in favor of the lessor and strictly against the lessee." *San Mateo Cmty. Coll. Dist.*, 76 Cal. Rptr. 2d at 291 (citation omitted).

Geysers Power reads the lease as broadly granting it the exclusive use of the surface for any purpose related to geothermal power, even when that power is produced by a third party on neighboring land. The lease does not support this reading. It gives Geysers Power the more limited right to extract steam and steam by-products *from GDP's property*. *See Phillips Petroleum*, 18 Cal. Rptr. 2d at 768

---

[1] Because the parties are familiar with the facts of this case, we do not discuss them at length here.

(describing the interests of a mineral lessee).  Geysers Power's other, incidental rights are limited to activities necessary for carrying out this purpose.  For example, the lease cabins Geysers Power's right to build transmission lines to those that "*Lessee* may desire . . . in carrying on *its* business and operations *on or from said land*" or with respect to power "developed *thereon*."

Geysers Power points out that the lease also allows it to erect plants and equipment "for the conversion of steam to electric power and for extraction of by-products from steam produced from said land and/or premises in the vicinity of said land."  But, like the district court, we read this sole reference to nearby "premises" as more logically applying only to steam by-products.  It fails to contravene the "well established principle" that a mineral lease "does not carry with it the right to use the surface in aid of mining or drilling on other lands." *Russell v. Tex. Co.*, 238 F.2d 636, 642 (9th Cir. 1956) (citations omitted).  The lease, then, does not give Geysers Power rights over transmission lines for power produced off-site.

Nor does the lease deprive GDP of these rights.  GDP specifically reserved for itself commercial uses of the land, and transmission lines fall within dictionary definitions of "commercial." *See, e.g.*, *Commercial Use*, Black's Law Dictionary (11th ed. 2019) ("A use that is connected with or furthers an ongoing profit-making activity.").  To be sure, the lease bars GDP from unreasonably interfering

with Geysers Power's rights and operations, but the contemplated transmission lines would not themselves cause such interference.

Furthermore, the parties' extrinsic evidence of past easements shows, at most, an inconclusive course of dealing. The district court therefore rightly relied solely on the lease in its ruling. *See Brobeck, Phleger & Harrison v. Telex Corp.*, 602 F.2d 866, 871-72 (9th Cir. 1979). And although Geysers Power contends that allowing competitors to build transmission lines over the land would violate the implied covenant of good faith and fair dealing, it waived the argument by failing to assert it in its opening brief. Accordingly, we conclude that the lease unambiguously supports GDP's position.[2]

**AFFIRMED.**

---

[2] Geysers Power did not expressly argue below that the lease is ambiguous. We nonetheless entertain the argument because it is strictly legal and GDP will suffer no prejudice. *See Allen v. Ornoski*, 435 F.3d 946, 960 (9th Cir. 2006).